UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DEUTSCHE BANK SECURITIES, INC.,

           Plaintiff,

v.

JP MORGAN CHASE, INC., BRIAN ZEITLIN
and YALE J. BARON

           Defendants.

-------------------------------------------------------------X

JUDGE PATTERSON

04 CV 07913

Civil Action No. _____

ORDER TO SHOW CAUSE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## PLAINTIFF DEUTSCHE BANK SECURITIES, INC.'S ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Upon the application of Plaintiff Deutsch Bank Securities, Inc. ("DBSI"), supported by the affidavit of Richard D'Albert, the exhibits annexed thereto and the accompanying memorandum of law, let Defendants show cause before this Court at the Federal Courthouse at 500 *Pearl Street*, New York, New York, Room *24A* at *2:30 PM* on the *14th* day of October 2004, as soon thereafter as counsel can be heard as to why an order should not be entered by this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 65.1, for a temporary restraining order and a preliminary injunction against JP Morgan Chase, Inc. ("JP Morgan Chase"), Brian Zeitlin, and Yale J. Baron in aid of mandatory arbitration before the National Association of Securities Dealers ("NASD") enjoining the defendants from:

    a)     directly or indirectly, using or disclosing any and all of DBSI's client, manager and strategic business information or any other confidential and proprietary information belonging to DBSI that Zeitlin, Baron and/or JP Morgan Chase have in their possession or control;

    b)     conducting business with all DBSI clients whose names appear on an excel spread sheet stolen by Baron in data format from DBSI; and further directing the defendants

c) to return to DBSI all of its property, documents and business records (including all copies thereof and computer records on the hard drive of any home computer or personal laptop);

d) to make the hard drive(s) of all of their personal computers available for inspection and cataloguing by a trained computer forensic expert so that such expert can determine the scope of computer data belonging to Deutsche Bank Securities that Zeitlin and/or Baron stole and to make a list of files belonging to DBSI on Zeitlin's and/or Baron's hard drives; and

e) to submit to a deposition within 4 days for purposes of discovering the scope of the computer data stolen from DBSI and to whom it has been disseminated;

and further directing the defendant Zeitlin to:

a) abide by his 90 day notice provision with Deutsche Bank until November 18, 2004, during which time DBSI will continue to pay him his regular salary; and

b) from now until February 18, 2004, directly or indirectly, not to solicit or entice away, or endeavor to solicit or entice away any individual person in a managerial, executive or technical capacity or who is in possession of confidential information belonging to Deutsche Bank and with whom he has had business dealings during the course of his employment in the 12 months period prior to November 18, 2004.

RPP - ~~Security for the amount of $~~ _will be posted by~~

No prior, similar relief has been sought in this action.

IT IS FURTHER ORDERED that service of a copy of this Order and the papers on which it is based be made on or before the 8 day of October, 2004, by serving copies thereof on Zeitlin, Baron and counsel for JP Morgan Chase and such service shall be deemed good and sufficient service.

This 5 day of October, 2004.

_____
United States Federal District Court Judge.

2

4832-4131-0208\2