UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEUTSCHE BANK SECURITIES, INC., <br><br> Plaintiff, <br><br> -against- <br><br> J.P. MORGAN CHASE, INC., BRIAN ZEITLIN and YALE J. BARON, <br><br> Defendants. | Civil Action No. 04 CIV 7913 (RPP) <br><br> **DECLARATION OF BRIAN ZEITLIN IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**BRIAN ZEITLIN**, declares, pursuant to 28 U.S.C. § 1746:

1. I make this Declaration in Opposition to Deutsche Bank Securities, Inc.'s ("DBSI" or "Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction. This Declaration is based on my personal knowledge.

2. I am a registered member of the National Associate of Securities Dealers ("NASD") and am subject to the NASD Code of Arbitration.

3. In September 1993, I joined Bankers Trust Asset Management Division as a high yield research analyst. Approximately five years later, in 1999, DBSI acquired Bankers Trust Securities, at which time I became a DBSI employee.

4. Through August 20, 2004, I was employed by DBSI and worked in DBSI's Collateralized Debt Obligation ("CDO") group. In the early part of 2003, the CDO group moved into DBSI's Global Markets division from the Global Corporate Finance Division.

5. On August 20, 2004, I resigned from my position at DBSI. I have accepted a position with J.P. Morgan Securities, Inc. ("J.P. Morgan") in its Structured Credits Product Group.

6. In accordance with the Terms and Conditions of my employment agreement with DBSI, I have not disclosed, nor do I intend to disclose, any confidential and/or proprietary information belonging to DBSI to any third parties, including any officers of J.P. Morgan.

7. To the best of my knowledge, during Yale Baron's employment with DBSI, he e-mailed various documents to his personal e-mail account in the ordinary course of his employment in order to perform work for DBSI from his home. I understand that Mr. Baron e-mailed documents from DBSI's computer system to his home e-mail account on July 28, 2004, July 29, 2004, August 11, 2004 and August 17, 2004 as part of his regular practice of working from home. These e-mails were not sent at my request or on my behalf. Mr. Baron has not disclosed the contents of any documents attached to these e-mails to me.

8. After my resignation from DBSI and prior to its filing of this lawsuit, DBSI was advised of my willingness not to solicit or recruit, either directly or indirectly, any DBSI employee until after February 18, 2004.

9. Based on an e-mail that was circulated by DBSI (a copy of which is attached hereto as Exhibit A), I understood that the Notice Period in my employment agreement was 60 days.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2004

_____
Brian Zeitlin